**[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 396.]**

IN RE APPLICATION OF BARILATZ.

[Cite as *In re Application of Barilatz*, 2001-Ohio-69.]

*Attorneys at law—Application to take Ohio Bar Examination denied—Applicant prohibited from reapplying for admission to the practice of law in Ohio.*

(No. 00-1652—Submitted January 10, 2001—Decided April 25, 2001.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 178.

_____

*Per Curiam.*

{¶ 1} In March 3, 1998, applicant, Michael J. Barilatz of East Cleveland, Ohio, filed a notice of appeal from a report of the Joint Admissions Committee of the Cleveland/Cuyahoga County Bar Association ("Joint Admissions Committee") disapproving his application to take the February 1998 examination for admission to the practice of law in Ohio.

{¶ 2} The appeal was assigned to a panel of the Board of Commissioners on Character and Fitness of the Supreme Court ("board"), which began its hearing in September 1998. At this initial hearing, the panel found that the applicant had not in his application referred to, nor at the hearing produced, the Lake County Bar Association's 1997 disapproval of his earlier application for admission to the bar, that the applicant did not produce the letter to the Lake County Bar Association from applicant's ex-wife charging applicant with financial and criminal misconduct, and that the applicant could not document certain military awards he claimed to have received. The panel therefore requested that the applicant furnish additional information and that the Joint Admissions Committee further investigate applicant's qualifications.

**{¶ 3}** After a hearing in June 2000, the panel concluded and recommended to the board that the applicant not be approved for admission to the practice of law in Ohio and that he not be allowed to reapply. The panel reached its conclusion after finding that applicant had failed to advise the Joint Admissions Committee of his previous rejection for admission to the bar by the Lake County Bar Association. The panel further found that the applicant failed to reveal and then adamantly denied being a Florida resident although he owned property and had a bank account in Florida, ran a business there, held a Florida real estate license, registered to vote there, had an automobile titled and licensed there, and held a Florida driver's license. The panel also found that applicant could not document the three Purple Heart medals he claimed to have received in the Vietnam War. Further, applicant had been jailed in 1992 and again in 1996 for failing to pay child support, and his arrearage for child support in August 1998 amounted to $33,447.97. The panel also found that in July 1998 while working as a law clerk for a Cleveland attorney, he gave a municipal court judge the impression during a telephone hearing that he was a licensed attorney. In addition, the panel found that applicant did not inform the Joint Admissions Committee of his 1995 petition for habeas corpus for release from a ninety-day jail term for contempt of court. Finally, the panel found that in 1984, applicant was charged with carrying a concealed weapon, pled guilty to a reduced misdemeanor charge, and was fined $250. The panel believed that applicant's conduct, having occurred when he was in his forties, could not be ascribed to youth or inexperience, and that since applicant was now almost fifty years old, any change in his actions could not be expected.

**{¶ 4}** The board adopted the findings, conclusions, and recommendations of the panel.

**{¶ 5}** After review of the record, we adopt the findings, conclusions, and recommendation of the board. Applicant is hereby disapproved for admission to

the practice of law, and he shall not be permitted to reapply for admission in the future.  It is so ordered.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

––––––––––––––––––

*Michael J. Benza,* for the Joint Admissions Committee of the Cleveland/Cuyahoga County Bar Association.

*Mark Paul Glassman,* for applicant.

––––––––––––––––––